| | | | |
|---|---|---|---|
| AUSA: | Micah Wallace | Telephone: | (313) 226-9100 |
| Special Agent: | Kara Klupacs | Telephone: | (313) 202-3500 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.

Robert PRICE

Case No.

Case: 2:25−mj−30118
Assigned To : Unassigned
Assign. Date : 3/6/2025

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __Februay 25 - March 3, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Complainant's signature_

Special Agent Kara Klupacs - ATF
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __March 6, 2025__

_Judge's signature_

City and state: __Detroit, Michigan__    Honorable Kimberly G. Altman, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Kara Klupacs, being first duly sworn, hereby state:

## INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been since March 2018. I am currently assigned to the Detroit Field Division Group 1. I graduated from the Federal Law Enforcement Training Center and ATF Special Agent Basic Training. Prior to becoming an ATF Special Agent, I served eight years as a U.S. Customs and Border Protection and U.S. Secret Service Uniformed Division Officer. During my employment with the ATF, I have conducted and/or participated in dozens of criminal investigations involving the possession and use of firearms, armed drug trafficking, criminal street gangs, and other state and federal offenses. I have obtained numerous federal search warrants for residences, vehicles, social media accounts, cell phones, and other electronic storage devices, and fully participated in those searches.

2. This affidavit is made in support of a criminal complaint for Robert Davto PRICE. Probable cause exists that PRICE knew he was a convicted felon and knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(1).

1

3. I make this affidavit based on my participation in this investigation, reports from other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

4. The information in this affidavit is for the limited purpose of establishing probable cause and does not contain all details or all facts relating to this investigation.

## PROBABLE CAUSE

5. On March 4, 2025, I was contacted by the Sterling Heights Police Department (SHPD) regarding the arrest of Robert Davto PRICE. PRICE is currently on federal bond for a separate federal charge in the Eastern District of Michigan for a separate offense of 18 U.S.C. § 922(g)(1) (Case No. 24-20645).

6. On February 25, 2025, at approximately 6:32 p.m., SHPD officers received report of a shooting at 3XX5 Sugar Maple Drive, Sterling Heights, MI (hereafter Location 1). The victim suffered a gunshot wound to his shoulder. Officers immediately rendered aid.

7. The victim explained he had been in his vehicle at Location 1, when he was suddenly ambushed and shot at multiple times by at least one shooter. The victim was transported by the Sterling Heights Fire Department to the Corwell Health Troy Beaumont Hospital for treatment.

8.      At Location 1 in the rear parking area, officers found and collected numerous spent casings, including 9mm and .223 caliber casings. Additionally, officers canvassed the area for any potential witnesses or surveillance footage. Officers met with building maintenance who reviewed surveillance footage during the time frame of the shooting. Officers identified a silver Lincoln Corsair (Suspect Vehicle) arriving to the complex of Location 1 at approximately 5:00 p.m. and leaving the complex of Location 1 right after the shooting occurred (around 6:30 p.m.).

9.      On February 26, 2025, law enforcement determined that the suspect vehicle contained an on-board GPS system. The system placed the suspect vehicle in the area of Location 1 at the time of the shooting. Subsequently, officers obtained additional GPS data from the Suspect Vehicle. The Suspect Vehicle eventually stopped near the area of Faircrest and Rex in Detroit, on February 26, 2025, at approximately 2:10 a.m. The Suspect Vehicle remained in this area and continued to record location hits until February 27, 2025, at approximately 3:33 p.m.

10.     Law enforcement correlated geofence records around three separate areas where the Suspect Vehicle's GPS system placed the Suspect Vehicle. They identified a cellular device with IMSI number 31024 01475 08104 and call number (313) 918-7384 (hereafter Target Cell Phone), that had been in the area of Location 1 during the time of the shooting, as well as matching additional areas from the Suspect Vehicle's GPS system.

11.     Records from T-Mobile along with law enforcement databases found that the Target Cell Phone was likely registered to Robert Davto PRICE whose address associations included 15819 Faircrest Street in Detroit, Michigan.

12.     On March 3, 2025, at approximately 5:00 p.m., SHPD Investigators conducted surveillance in the area of 15819 Faircrest, Detroit and observed a silver/gray Lincoln Corsair matching the description of the Suspect Vehicle backed in the driveway of the residence.

13.     On March 3, 2025, SHPD obtained a state search warrant for the residence at 15819 Faircrest, Detroit, Michigan. On March 4, 2025, prior to the warrant execution, officers observed PRICE and another occupant exit the residence and enter a black Chevy Suburban, departing from the area. Detroit Police Department officers conducted a traffic stop of the vehicle and detained PRICE and the other occupant. SHPD officers then executed the warrant at the residence.

14.     Officers verified that the VIN of the silver Lincoln Corsair backed into the driveway of the residence matched the VIN of the Suspect Vehicle observed at Location 1 on February 25, 2025.

15.     During a search of the residence, officers located the following items of evidence in a closet in the basement that had been screwed shut:

    a. One Taurus model G3 9mm caliber pistol

    b. One Anderson Manufacturing model AM-15, multi-caliber pistol (meaning it could fire both .223 and 5.56 caliber rounds).

16. On March 4, 2025, I obtained the Taurus model G3 and the Anderson Manufacturing model AM-15 from SHPD for test firing and submission into the National Integrated Ballistics Information Network (NIBIN). Additionally, I obtained the spent 9mm and .223 caliber cartridge cases collected by SHPD from the February 25, 2025, shooting scene for submission into NIBIN.

17. Prior to test firing, I observed the Anderson Manufacturing model AM-15 field tested as a machinegun. I disassembled the firearm and observed a suspected machinegun conversion device (MCD)-specifically a drop in auto sear (DIAS) or swift link in the receiver. Both firearms functioned as designed.

18. The ATF NIBIN Unit entered the test fired spent cartridge cases from the Taurus model G3, the Anderson Manufacturing model AM-15, and the spent 9mm and .223 caliber casings collected from the February 25, 2025, shooting into the Integrated Ballistic Identification System (IBIS). The NIBIN National Correlation and Training Center (NNCTC) reviewed the images and issued a high confidence lead that the 9mm caliber fired cartridge casings collected from February 25, 2025, shooting were likely fired from the recovered Taurus model G3 found in PRICE's basement.

19. On March 4, 2025, SHPD officers read PRICE his Miranda rights and he agreed to waive them. During questioning PRICE initially denied knowledge or possession of the firearms, however at one point during questioning PRICE explained that the guns were in the car and that "they" must have put them in the

5

basement. PRICE then said that he should not have said that, and that talking to officers would result in harm to his family. Additionally, PRICE explained that he was trying to make money to set up his girl and his kids before he faces "fed time." Officers asked PRICE how much he had received for his involvement with the shooting. PRICE indicated not a lot, following up with "shit." PRICE then continued to deny knowledge of the firearms.

20. I reviewed PRICE's computerized criminal history which revealed the following felony convictions:

　　a. On December 18, 2009, PRICE pled guilty to one count of Fleeing and Eluding – Third Degree – Vehicle Code in the Third Circuit Court for Wayne County.

　　b. On January 31, 2014, PRICE pled guilty to one count of armed robbery in Third Circuit Court for Wayne County. PRICE was sentenced to 3 to 20 years in prison.

21. Because PRICE spent more than one year in prison for his armed robbery, and because PRICE was under federal indictment for felon in possession of a firearm, there is probable cause to believe that PRICE knew he was a felon at the time he possessed the firearms.

22. The recovered firearms are a Taurus model G3, 9mm caliber pistol and an Anderson Manufacturing model AM-15 multi caliber pistol. As an ATF Firearm Interstate Nexus agent, it is my opinion that these firearms are firearms as defined

under 18 U.S.C. § 921 and were manufactured outside of the state of Michigan after 1898, and therefore they have traveled in and affected interstate commerce.

## CONCLUSION

23.    There is probable cause to believe that between February 25, 2025, and March 4, 2025, within the Eastern District of Michigan, Robert PRICE, a convicted felon, knowingly possessed a firearm, which had traveled in interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
Kara Klupacs, Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn to before me and signed in my
presence and/or by reliable electronic means

_____
Hon. Kimberly G. Altman
United States Magistrate Judge

Date:    March 6, 2025

7